UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-20613-CR-MARTINEZ

UNITED STATES OF AMERICA

vs.

SAMUEL BAPTISTE,

        Defendant.
_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO TRANSFER**

COMES NOW, the United States, by and through the undersigned Assistant United States Attorney, and hereby files its Response in Opposition to Motion to Transfer, and in support states as follows:

On September 21, 2018, the Defendant filed a Motion to Transfer (DE 12) wherein the defense seeks to have this Honorable Court transfer the pending indictment to Judge Cooke, who had previously sentenced the Defendant to an 80 month sentence under 16-20907-CR-Cooke for being a Felon in Possession of a Firearm in June of 2017, citing "Southern District of Florida Internal Operating Procedures 2.06.00 and 2.15.00" which provide for the transfer of similar actions where there separate disposition would appear to entail the unnecessary duplication of judicial labor. Defendant's reliance on this internal procedure and claim of "similarity" is misplaced, and the Court should deny the Defendant's motion to transfer.

Under Baptiste's previous case, 16-20907-CR-Cooke, the defendant was charged, convicted, and sentenced for being a Felon in Possession of a Firearm as a result of an undercover operation that ultimately led to the defendant renting and shooting firearms at a local gun range. While it is true

1

that the investigation initially began as a result of law enforcement monitoring the defendant's social media accounts due to his praise of designated terrorists, dissemination of extremist propaganda, and promotion of travel in support of jihad, as outlined in the indictment, factual proffer, and PSI, the offense conduct involved and presented to Judge Cooke was solely limited to the defendant's actions for possessing a firearm as a convicted felon, and his dealings with a co-conspirator who was interested in smuggling weapons out of the United States to Haiti. In no way shape or form was 16-20907-CR-Cooke a terrorist prosecution as clearly outlined in the PSI (*See* 16-20907-CR-Cooke, DE 56, paragraphs 4-12), and the defense in that case went to great lengths to exclude any references in both the factual proffer and at sentencing to his terroristic background, and routinely emphasized that this was a Felon in Possession of a Firearm prosecution, not a terrorism prosecution. Now, the same Public Defender's Office wants to use that excluded information as grounds to transfer the case.

In the instant case, the defendant is charged with four counts of distributing information pertaining to explosives, in violation of Title 18, United States Code, Section 842(p), one count of attempting to provide material support to a foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B(a)(1), and one count of attempting to provide material support to terrorists, in violation of Title 18, United States Code, Section 2339A(a) for his role in posting and distributing materials online pertaining to explosives, in support of terrorist operations. It has absolutely nothing to do with going to a local gun range to fire and possess a firearm, nothing to do with smuggling weapons out of the United States, and involves completely different facts than those presented to Judge Cooke previously. With a few exceptions, discovery in the instance case is different than in the previous case, and the instant charges involve a vastly different set of facts for which the Defendant is now being held accountable. In support of the defendant's request for transfer, the defendant claims that transfer to Judge Cooke "serves the interest of judicial economy

and would avoid the unnecessary duplication of judicial labor." However, this claim is misplaced, as the instant prosecution is separate and distinct from the previous prosecution, relies on a different set of facts, involves completely different charges, and the conduct for which the defendant is now being held accountable for was never presented to nor considered by Judge Cooke.

Southern District of Florida Internal Operating Procedures 2.06.00 and 2.15.00 are an appropriate mechanism to transfer cases in situations akin to involving a pending supervised release violation assigned to one district judge and a pending substantive prosecution assigned to a second district judge, where the substantive crimes form the basis of the supervised release violation and it would therefore make sense to have one judge hear and resolve both cases, at the same time. Or perhaps in a situation where multiple defendant are charged in separate indictments and assigned to different judges, but which all involved similar offense conduct arising out of a specified criminal investigation, for which one unified and cohesive resolution would prevent unwanted sentencing disparities. This case is not one of these situations, as the crimes and their underlying facts and offense conduct are different, the charges are completely different, the sentencing exposure is different, and Judge Cooke resolved the previous matter well over one year ago. As such, the instant case is not "similar," and would clearly not involve the unnecessary duplication of judicial labor.

WHEREFORE, the undersigned respectfully requests that this Honorable Court deny the Defendant's Motion to Transfer.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: /s/ Marc S. Anton
    MARC S. ANTON
    Assistant U.S. Attorney
    Florida Bar No. 0148369

500 East Broward Blvd., Suite 700  
Ft. Lauderdale, Florida 33394  
Tel: (954) 660-5096  
Fax: (954) 356-7230  
Marc.anton@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                      s/   Marc S. Anton  
                                      MARC S. ANTON  
                                      ASSISTANT U.S. ATTORNEY