UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-20613-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SAMUEL BAPTISTE,

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION FOR *FARETTA* HEARING**

The Defendant, Samuel Baptiste, through undersigned counsel, respectfully submits his request for a *Faretta* hearing and states in support the following.

Per Mr. Baptiste's request, the Court held a status conference in this matter on January 2, 2019. (D.E. 35.) At the status conference, the Court denied Mr. Baptiste's *ore tenus* motion to terminate the Federal Public Defender's Office and to appoint him new counsel. Mr. Baptiste then moved *ore tenus* to proceed *pro se*. The Court advised Mr. Baptiste it would not rule on an *ore tenus* request to proceed *pro se* and to file a request in writing to that effect, should he desire to represent himself.

Undersigned counsel has consulted with Mr. Baptiste as to how he wishes to proceed. Mr. Baptiste confirmed that he wishes to represent himself. Per Mr. Baptiste's request, undersigned counsel submits this request for the Court to conduct a *Faretta* hearing to determine whether Mr. Baptiste's waiver of the right

1

to counsel and to proceed *pro se* is knowing, voluntary, and intelligent.

In *Faretta v. California*, the Supreme Court examined whether the Sixth Amendment to the U.S. Constitution includes the right of an accused in a criminal proceeding to represent himself; the Court answered this question in the affirmative. *Faretta v. California*, 422 U.S. 806 (1975). "The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Id.* at 818. In examining the history of this right, the Court noted that the right to represent oneself in federal court has been protected by statute since the passage of the Judiciary Act of 1789 and is currently preserved in Title 28, U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel…." The *Faretta* Court further discussed the longstanding recognition of such a right in the federal courts, in most state courts, and in the language and spirit of the Sixth Amendment. *Id.* at 813-32. Recognizing that the right to defend is personal, the Court held the Sixth Amendment encompasses one's right to represent oneself.

To invoke his Sixth Amendment right to self-representation, a defendant "does not need to recite some talismanic formula hoping to open the eyes and ears of the court to his request," but must clearly and unambiguously state his request, either orally or in writing. *Dorman v. Wainwright*, 798 F.2d 1358, 1366 (11th Cir. 1986). A trial court's summary denial of a criminal defendant's request to proceed *pro se* constitutes reversible error. *See Dorman*, 798 F.2d at 1370 ("the denial of the

2

right to proceed pro se is not amenable to harmless error analysis") (citing *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984) ("The right [to proceed pro se] is either respected or denied; its deprivation cannot be harmless.")).

When a defendant makes a request to represent himself, the court should establish that his request is made knowingly and intelligently. *Faretta*, 422 U.S. at 835. In *Faretta*, the Court made clear that, though the accused "need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation…." *Id.* While not strictly required, the ideal method of ensuring a voluntary waiver of the right to counsel is for the trial court to conduct a hearing at which the defendant is advised of the charges, basic trial procedures, and the hazards of self-representation. *See Strozier v. Newsome*, 926 F.2d 1100, 1104 (11th Cir. 1991). Though the Court may consider a defendant's knowledge of or prior experience with the legal system in determining whether his waiver is knowing and intelligent, a defendant asserting his right to represent himself need not demonstrate complete mastery of the intricacies of criminal procedure or evidentiary rules in order to exercise his right to self-representation. *See Faretta*, 422 U.S. at 836 (defendant's technical knowledge not relevant to an assessment of his knowing exercise of the right to defend himself).

Mr. Baptiste made a clear and unambiguous request to represent himself in these proceedings at the January 2, 2019, status conference and has requested that undersigned counsel notify the Court that he persists in this request. He now

3

requests the Court conduct an inquiry of the type outlined in *Faretta* and its progeny to determine that his request to exercise his constitutional right to self-representation is being made knowingly and intelligently.

Undersigned counsel has conferred with AUSA Marc Anton, who does not oppose Mr. Baptiste's request for a *Faretta* hearing.

WHEREFORE Mr. Baptiste respectfully requests that the Court schedule a hearing to conduct a *Faretta* inquiry to determine whether his request to represent himself in this matter is a knowing and intelligent waiver of his right to be represented by counsel.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By: */s/Abigail E. Becker*
Abigail E. Becker
Assistant Federal Public Defender
Florida Bar No.: 072284
150 W. Flagler Street, Suite 1700
Miami, Florida  33130
Tel:  305-530-7000/Fax:  305-536-4559
E-Mail Address: abigail_becker@fd.org

4

**CERTIFICATE OF SERVICE**

I HEREBY certify that on January 9, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Abigail E. Becker*