UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20613-CR-MARTINEZ

UNITED STATES OF AMERICA,

     Plaintiff,

v.

SAMUEL BAPTISTE,

     Defendant.

_____/

**DEFENDANT'S MOTION TO COMPEL
THE BUREAU OF PRISONS AND FEDERAL DETENTION CENTER
TO GRANT THE DEFENDANT'S REQUEST TO ALLOW INVESTIGATOR
ENTRY INTO THE INSTITUTION AND REQUEST TO ALLOW THE
MEMBERS OF THE DFENSE TEAM TO BRING LAPTOP COMPUTERS
INTO THE INSTITUTION**

Defendant, Samuel Baptiste, through undersigned counsel, and pursuant to the Sixth Amendment of the United States Constitution, respectfully petitions this Court to compel the Bureau of Prisons and Federal Detention Center to approve entry of Defendant's investigator and approve the defense team entry into the institution with laptop computers solely for review of discovery in this case.

**FACTUAL BACKGROUND**

1. Mr. Baptiste is charged by Indictment with distributing information pertaining to explosives in violation of 18 U.S.C. § 842(p)(2)(A) **(Counts One through Four)**; attempting to provide material support or resources to the Islamic State of Iraq and al-Sham ("ISIS"), in violation of 18 U.S.C. § 2339(a)(1) **(Count Five)**; and

attempting to provide material support to terrorists, in violation of 18 U.S.C. § 2339A(a) **(Count Six)**.

2.  Undersigned, his co-counsel and investigator all need significant time to review, analyze and discuss the voluminous amount of discovery with Mr. Baptiste at the Federal Detention Center.

3.  However, the investigator, who has been approved for admission into the institution in many prior cases, has not yet been granted approval to enter FDC, despite the request(s) having been made two week ago. In fact, the requests for approvals submitted by undersigned counsel have neither been acknowledged nor granted.

4.  A large portion of the discovery is comprised of information/communications derived from various social media platforms, including but not limited to, Tumblr, Facebook, and Telegram and other proprietary formats not available on the FDC computers.

5.  Moreover, to the extent that a small and less significant portion of the discovery is accessible with the FDC computers, more often than not the rooms with the computers are unavailable for client conferences and computerized discovery review.

6.  While Mr. Baptiste, by virtue of the charges lodged against him, is subject to a heightened level of restricted communication, those restrictions do not vitiate Mr. Baptiste's Six Amendment right to unfettered access his lawyers, legal team and preparation for trial.

## CONCLUSION

The Bureau of Prisons/Federal Detention Center is in violation of Mr. Baptiste's Sixth Amendment rights by not approving his investigator entry into the institution and denying the legal team the necessary computerized equipment to prepare for trial. Therefore, the Defendant hereby moves this Court for an order compelling the Bureau of Prisons/Federal Detention Center staff to approve entry of Defendant's investigator and approve the defense team's entry into the institution with laptop computers solely for review of discovery in this case.

Undersigned counsel attempted to confer with AUSA Marc Anton regarding the relief sought herein, however, he is out of the office until July 1, 2019.

Respectfully submitted,

THE MALONE LAW FIRM, P.A.
701 BRICKELL AVENUE, SUITE 1550
MIAMI, FLORIDA 33131
Telephone: (305)728-5134
Facsimile: (305)728-5288
Email: omar@malonelawfirm.com

By: _____/S/_____
T. OMAR MALONE, ESQ.
Florida Bar No.: 697796

## CERTIFICATE OF SERVICE

I HEREBY certify that on June 30, 2019, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF and thereby effectuated

service on all counsel of record.

By: _____/S/_____
T. OMAR MALONE, ESQ.