UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20613-CR-MARTINEZ

UNITED STATES OF AMERICA

v.

SAMUEL BAPTISTE,

         Defendant.

_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and hereby files its Response in Opposition to the Defendant's Motion for a Bill of Particulars, and in support states as follows:

On July 19, 2018, Defendant SAMUEL BAPTISTE was indicted by a Grand Jury sitting in Miami, FL and charged with four counts of Distributing Information Pertaining to Explosives, in violation of Title 18, United States Code, Section 842(p)(2)(A), one count of Attempting to Provide Material Support to a Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B(a)(1), and one count of Attempting to Provide Material Support to Terrorists, in violation of Title 18, United States Code, Section 2339A(a). (DE 1).

Thereafter, on August 28, 2019, approximately 12 months after arraignment, Defendant BAPTISTE filed a Motion for a Bill of Particulars (DE 77), claiming the Indictment contains vague generalities and lacks specificity, and seeks more information and answers to fourteen (14) questions.

While Federal Rule of Criminal Procedure 7(f) authorizes the Court to direct the filing of a

1

bill of particulars, the purpose of a bill of particulars is to inform the defendant of the charge against the defendant with sufficient precision to allow him or her to prepare a defense, to minimize surprise at trial, and to enable the defendant to plead double jeopardy in the event of a later prosecution for the same offense.  United States v. Warren, 772 F.2d 827 (11th Cir. 1985).

Nevertheless, despite the Defendant's motion which does not contain any legal authority whatsoever in support of his request, the Eleventh Circuit has expressly held that it is not necessary for an indictment to allege in detail the factual proof that will be relied upon to support the charges.  United States v. Sharpe, 438 F.3d 1257 (11th Cir. 2006).  In fact, it is not a device intended to secure for the defense the government's explanation of its theory of the case, United States v. Hajecate, 683 F.2d 894, 898 (5th Cir.1982).  Moreover, the defendant is not entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection.  United States v. Colson, 662 F.2d 1389 at 1391 (11th Cir.1981).

In the instant case, the government's Indictment is very specific as to the alleged information that was allegedly distributed, and how that information attempted to support terrorists and foreign terrorist organizations. This information therefore lays out in detail sufficient facts to inform the defendant of the charge against him with sufficient precision to allow him to prepare a defense, to minimize surprise at trial, to enable him to plead double jeopardy in the event of a later prosecution for the same offense, and the government has provided voluminous discovery that outlines not only his role, but that of others involved in the offense conduct, including the transactions that form the basis for the alleged criminal conduct. Moreover, the government, through its agents and the undersigned, also met with all defense counsel on two previous occasions to review and explain the discovery, and outlined the offense

conduct and the evidence that specifically supported each charge.  As stated earlier, a Bill of Particulars is not a device intended to secure for the defense the government's explanation of its theory of the case, and the defendant is not entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection.

Additionally, despite the Defense claim that "the Indictment contains vague generalities and lacks specificity," Defense counsel is clearly aware of the facts and circumstances surrounding the underlying charges.  In fact, in his Motion to Compel Discovery, DE 78, Defense counsel specifically states, "Mr. Baptiste was indicted again, based on the alleged online activity that had been outlined in the November 2016 complaint.  He was charged with four counts of distributing information pertaining to explosives… one count of attempting to provide material support to a foreign terrorist organization…and one count of attempting to provide material support to terrorists…All six counts pertain to information that Mr. Baptiste allegedly posted on a social media channel.  These are the charges before the Court today."  Consequently, as the Defendant's own words clearly illustrate, he understands the charges and their factual underpinnings, has had the opportunity to review a complaint and numerous search warrants that lay out the purported facts of the case, and has had the benefit of a lengthy discovery conference that was attended by the prosecutors, the investigators, and both defense counsel and his investigator, where the evidence was explained in great detail, and all questions posed by defense counsel were addressed.

Finally, Federal Rule of Criminal Procedure 7(f) provides that the Defendant may move for a Bill of Particulars before or within fourteen (14) days after arraignment, or at a later time if the Court permits.  In this case, the instant motion was filed 12 months after arraignment, and

approximately 7 months after defense counsel was appointed to represent the Defendant, well outside the fourteen day time limits of Rule 7(f).

Consequently, for the foregoing reasons, the Government respectfully requests that the Defendant's Motion for a Bill of Particulars be denied.

Respectfully submitted,

**ARIANA FAJARDO ORSHAN**
UNITED STATES ATTORNEY

By: /s/ Marc S. Anton_____
MARC S. ANTON
Assistant U.S. Attorney
Florida Bar No. 0148369
500 East Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 660-5096
Fax: (954) 356-7230
Marc.anton@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 18, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Marc S. Anton_____
Assistant U.S. Attorney