UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20613-CR-MARTINEZ

UNITED STATES OF AMERICA

v.

SAMUEL BAPTISTE,

        Defendant.

_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO COMPEL DISCOVERY

COMES NOW, the United States of America, by and through its undersigned counsel, and hereby files its Response in Opposition to the Defendant's Motion to Compel Discovery (ECF No. 78). Samuel Baptiste seeks an order from this Court compelling the Government to disclose a litany of items he says bear on the issue of selective prosecution and/or selective enforcement. This Court should deny Baptiste's motion because it fails to meet the threshold showing entitling him to relief.

## ARGUMENT

Baptiste argues that the material support charges brought by the Government are the product of "selective prosecution" or "selective enforcement." Baptiste's argument in support of this contention is comprised mainly of citations to irrelevant out-of-circuit cases, law review articles, census statistics, and think-tank publications. Baptiste fails to cite even a single Eleventh Circuit case and never meaningfully engages with the threshold legal showing required to secure the relief he seeks.

1

To establish selective prosecution, "a defendant must show that [his] prosecution was predicated on a constitutionally impermissible motive[.]" *United States v. Ndiaye*, 434 F.3d 1270, 1288 (11th Cir. 2006). As is well-known, a presumption exists that a prosecutor has not violated equal protection principles, and a defendant challenging this presumption must satisfy a "demanding burden" of establishing that he is being selectively prosecuted. *See United States v. Jordan*, 635 F.3d 1188 (11th Cir. 2011). To do so, "a criminal defendant must present clear evidence" rebutting this presumption. *See United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (quoting *United States v. Armstrong*, 517 U.S. 456, 465 (1996)). This requires showing that "that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Jordan*, 635 F.3d at 1188 (quoting *Smith*, 231 F.3d at 808).

The Eleventh Circuit has established a two-part test a defendant must satisfy in order to demonstrate selective prosecution. Step one, the discriminatory effect prong, requires a showing that "similarly situated individuals were not prosecuted[.]" *Id.* (quoting *Smith*, 231 F.3d at 809). Step two, the discriminatory purpose prong, "requires that the decisionmaker selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group[.]" *Id.* (quoting *Wayte v. United States*, 470 U.S. 598, 610 (1985)) (internal quotation marks omitted).

Baptiste cannot clear either hurdle. Baptiste's proffered statistics, even if accepted as accurate and entirely comprehensive, have no bearing on whether "similarly situated individuals were *not* prosecuted." *Jordan*, 635 F.3d at 1188 (emphasis added). As the Eleventh Circuit recently stated,

> a 'similarly situated' person for selective prosecution purposes [is] one who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant—so that any prosecution of that individual would have the same deterrence value and

2

>would be related in the same way to the Government's enforcement priorities and enforcement plan—and against whom the evidence was as strong or stronger than that against the defendant.

*United States v. Brantley*, 803 F.3d 1265, 1272-73 (11th Cir. 2015) (citing *Smith*, 231 F.3d at 810); *see also Busacca v. S.E.C.*, 449 F. App'x 886, 891 (11th Cir. 2011) (similarly situated individuals are "those who engaged in the same type of conduct in substantially the same manner, and against whom the evidence was equally strong [and] were not prosecuted." (citing *Jordan*, 635 F.3d at 1181)). Accordingly, Baptiste's list of cases, which includes the assumed race and religion of the individual defendants, speaks little to those similarly situated who escaped prosecution. *See Jordan*, 635 F.3d at 1188 ("raw statistics regarding overall charges say nothing about charges brought against similarly situated defendants." (quoting *United States v. Bass*, 536 U.S. 862, 864 (2002))). For this reason alone, Baptiste's motion should be denied. *See id*; *Brantley*, 803 F.3d at 1272-73.

Because Baptiste has failed to show any discriminatory effect, he cannot satisfy the first prong of the selective prosecution inquiry. His motion can therefore be denied on that ground alone. *See Brantley*, 803 F.3d at 1271. Notwithstanding, even if Baptiste cleared the requisite first hurdle, he still fails to show that any assumed "difference in treatment, or selectivity of the prosecution, was motivated by a discriminatory purpose." *Smith*, 231 F.3d at 809; *Brantley*, 803 F.3d at 1273 (defendant "has failed to establish that the decision to prosecute her, . . . was based on an unjustifiable standard such as race, religion, or other arbitrary classification.") (internal quotation marks and citation omitted); *United States v. Williams*, 684 F. App'x 767, 777 (11th Cir. 2017) ("Williams points to no credible evidence suggesting that the government selectively chose to prosecute him because of his wealth."); *United States v. Brown*, 516 F. App'x 872, 874 (11th Cir. 2013) (similar). Accordingly, because Baptiste has failed to satisfy either step of the

3

Eleventh Circuit's two-part test, his selective prosecution arguments necessarily must fail.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny Baptiste's Motion to Compel Discovery.

Respectfully submitted,

**ARIANA FAJARDO ORSHAN**
UNITED STATES ATTORNEY

By: /s/ Marc S. Anton_____
MARC S. ANTON
Assistant U.S. Attorney
Florida Bar No. 0148369
500 East Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 660-5096
Fax: (954) 356-7230
Marc.anton@usdoj.gov

Joseph Attias
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel: (202) 616-0736
joseph.attias@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Marc S. Anton_____
Assistant U.S. Attorney