UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20613-CR-MARTINEZ

UNITED STATES OF AMERICA

v.

SAMUEL BAPTISTE,
                              Defendant.
_____/

**GOVERNMENT'S MOTION IN LIMINE
TO EXCLUDE DEFENSE REFERENCE TO FIRST AMENDMENT RIGHT AS A
LEGAL DEFENSE**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and moves this Court to preclude Defendant, SAMUEL BAPTISTE, from presenting at trial any evidence, argument, or "defense" that the Defendant had a legal First Amendment right to post or disseminate the information that led to the instant charges, ie., that his conduct was protected by the First Amendment.

As previously stated in other filings, Baptiste was a prolific supporter of the Islamic State of Iraq and al-Sham ("ISIS"), managing multiple social media accounts directed at fostering jihadist sentiment and support for ISIS. For example, Baptiste managed a Tumblr account called "@Khalifihaiti," which was subtitled "Insha'Allah I'll be the Rifle of Allah," and a Telegram channel named "Dhikrul-Jihad wal- qasas" which was devoted to news and propaganda related to ISIS. As relevant to the pending charges, Baptiste's central Telegram channel was "Jihadi gear (Private)," a group chatroom run by Baptiste and membered by likeminded individuals. The "Jihadi gear (Private)" chatroom was created and moderated by Baptiste, impart, to foster jihadist sentiment, encourage violent attacks, and promote support for ISIS.

While Baptiste's Telegram channels were devoted to jihadist themes in general, as well as religion and politics, "Jihadi gear (Private)" had a demonstrably specific emphasis on ISIS. A sampling of Baptiste's "Jihadi gear (Private)" posts include:

- Numerous pictures of ISIS iconography, including ISIS flags;

- Excerpts of ISIS speeches extolling jihad and encouraging hijrah (traveling to ISIS-controlled territory);

- Excerpts of an ISIS speech encouraging attacks in the West;

- Multiple links concerning ISIS' proficiency in making Improvised Explosive Devices and other do-it-yourself-type weapons;

- Encouraging comments regarding pledging allegiance to ISIS, including calling Abu Bakr al-Baghdadi "Amir al- Mu'minin," an honorific meaning commander of the faithful;

- A link to a PDF of *The Religious and Moral Doctrine of Jihad*, a book written by Ibn Taymiyyah, the thirteenth/fourteenth century Syrian religious authority whose works have formed the bedrock of modern jihadist thought over the last several decades, including that of ISIS;

- An excerpt of the now-deceased al-Qaeda leader Anwar al-Awlaki's "44 Ways to Support Jihad."

As alleged in the instant Indictment, on November 6, 2016, Baptiste made four distinct posts to "Jihadi gear (Private)," each containing instructions on how to create an explosive device. Respectively, each post contained a link to a document titled (1) "Instructions: How to Make a Homemade Pipe Bomb;" (2) "Pipe Bombs;" (3) "Improvised Explosive Devices;" and (4) "Improvised Munitions Black Book, Volume 1." Baptiste posted the explosive instructions with the prefatory: "from your brothers at Cyber Khalifa."

Thereafter, on July 19, 2018, Baptiste was charged in a six-count Indictment with four counts of violating 18 U.S.C. §842(p)(2)(A) (Distributing Information Pertaining to Explosives); one count of violating 18 U.S.C. §2339B(a)(1) (Providing Material Support and Resources to a Foreign Terrorist Organization); and one count of violating 18 U.S.C. §2339A(a) (Providing

Material Support and Resources to Terrorists). As set forth in the Indictment, these charges generally stem from the four explosives-related posts made by Baptiste to his "Jihadi gear (Private)" account.

## ARGUMENT

The government believes that defendant may seek to argue to the jury that his conduct falls within First Amendment protections. Accordingly, the Government moves this Court to preclude Defendant, SAMUEL BAPTISTE, from presenting at trial any evidence, argument, or "defense" that the Defendant had a legal First Amendment right to post or disseminate the information that led to the instant charges, ie., that his conduct was protected by the First Amendment.

As previously outlined in DE 104, Baptiste's charged conduct involved providing explosives-making instructions to other likeminded individuals with the intent that this information be used in furtherance of a violation of Section 2332a. The First Amendment does not extend its immunity to criminal conduct, especially the crimes here at issue. *See N.A.A.C.P. v. Claiborne Hardware*, 458 U.S. 886, 916 (1982) ("The First Amendment does not protect violence. Certainly violence has no sanctuary in the First Amendment, and the use of weapons, gunpowder, and gasoline may not constitutionally masquerade under the guise of advocacy.") (internal quotation marks and citation omitted). As one court in this District has put it, "[t]he First Amendment provides no protection for the conduct of providing resources knowing and intending that they be used for crimes of violence." *United States v. Jayyousi*, No. 04-60001-CR, 2007 WL 781373, at *2 (S.D. Fla. Mar. 12, 2007) (citing *United States v. Sattar*, 314 F. Supp. 2d 279, 301 (S.D.N.Y. 2004)).

To be sure, Baptiste's "speech" is part-and-parcel of the charged conduct, but that in no way renders his argument any more persuasive. *See Giboney v. Empire Storage & Ice Co.*, 336

U.S. 490, 502 (1949) ("it has never been deemed an abridgment of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed."); *United States v. Clum*, 607 F. App'x 922, 928 (11th Cir. 2015) ("speech that is integral to criminal conduct" "may be restricted and punished without raising a Constitutional problem") (citing *Giboney*, 336 U.S. at 498). As is well known, "[m]any long established criminal proscriptions—such as laws against conspiracy, incitement, and solicitation—criminalize speech (commercial or not) that is intended to induce or commence illegal activities." *United States v. Williams*, 553 U.S. 285, 293 (2008). The constitutionality of such laws is well-established. *See id.*; *United States v. Stevens*, 559 U.S. 460, 468-469 (2010) (including "speech integral to criminal conduct" as a class of speech "'which ha[s] never been thought to raise any Constitutional problem'") (citation omitted); *International Bhd. of Elec. Workers v. NLRB*, 341 U.S. 694, 705 (1951) (concluding that it "carries no unconstitutional abridgment of free speech" for Congress to prohibit "inducement or encouragement" of an unlawful secondary boycott); *Giboney*, 336 U.S. at 498 ("the constitutional freedom for speech and press" does not "extend[] its immunity to speech or writing used as an integral part of conduct in violation of a valid criminal statute.").

Even if the only proof of Baptiste's crimes were through words and not actions, that fact would not alter the analysis. "Speech is not protected by the First Amendment when it is the very vehicle of the crime itself." *United States v. Rahman*, No. S3 93 CR. 181 (MBM), 1994 WL 388927, at *1-2 (S.D.N.Y. July 22, 1994) (internal quotation marks and citation omitted), *aff'd in pertinent part*, *United States v. Rahman*, 189 F.3d 88, 114-15 (2d Cir. 1999) (holding that First Amendment challenge to seditious conspiracy statute was "without merit"). Indeed, the Supreme Court recently reiterated this principle. *See Packingham v. North Carolina*, 137 S. Ct. 1730, 1737

(2017) ("Specific criminal acts are not protected speech even if speech is the means for their commission.").

Consequently, the Government does not seek to preclude argument regarding the defendant's intent, but instead seeks to preclude the defendant from making impermissible arguments to the jury regarding matters of law, not fact. *See United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004) (barring defendant from re-litigating motion to suppress before the jury, because "these are legal issues within the province of the judge, not factual issues for the jury to decide."); *United States v. Collins*, 577 F. App'x 180, 184 (4th Cir. 2014) (rejecting argument that district court erred by denying defendant's motion to "argue the law to the jury and that the jury, in turn, be allowed to determine the applicable law according to its own collective conscience." (citing *Muse*, 83 F.3d at 677; *United States v. Moylan*, 417 F.2d 1002, 1006 (4th Cir. 1969)).

More specifically, in *United States v. Bonin*, 932 F.3d 523 (7th Cir. 2019), cert. denied, No. 19-809, 2020 WL 411718 (U.S. Jan. 27, 2020), the defendant argued that the absence of a First Amendment instruction exposed him to a conviction for protected expression and insisted that the district court erred by refusing an instruction saying "the First Amendment ... prevents the government from criminalizing mere hyperbole, sleaziness, bad behavior, bragging, or puffery, or the expression of an opinion…" In squarely rejecting this argument, the Court held that the district court properly refused to give a First Amendment instruction and stated "[A]llowing a jury to muse on the First Amendment's influence on a constitutionally valid statute risks confusion on the elements of the offense and on the government's burden of proof." Id. at 540.

5

## CONCLUSION

For the above reasons, the Court should preclude the defendant from presenting at trial any evidence, argument, or "defense" that the Defendant had a legal First Amendment right to post or disseminate the information that led to the instant charges, ie., that his conduct was legally protected by the First Amendment, since this is a matter of law for the Court, rather than a fact to be determined by a jury.

Respectfully submitted,

**ARIANA FAJARDO ORSHAN**
UNITED STATES ATTORNEY

By:   /s/ Marc S. Anton
MARC S. ANTON
Assistant U.S. Attorney
Florida Bar No. 0148369
500 East Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 660-5096
Fax: (954) 356-7230
Marc.anton@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Marc S. Anton
Assistant U.S. Attorney