IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20613-CR-MARTINEZ

**UNITED STATES,**

    **Plaintiff,**

**v.**

**SAMUEL BAPTISTE,**

    **Defendant.**

_____/

**MOTION TO ACCEPT PRO BONO APPEARANCE OF MR. CHARLES SWIFT AS CO-COUNSEL WITH CJA COUNSEL S. PATRICK DRAY, ESQ.**

Comes now the Defendant, Samuel Baptiste, by and through attorney, Simon P. Dray, Esq., and moves this Court to accept appearance of *pro hac vice* non-appointed co-counsel, Charles D. Swift, as permitted under the CJA Guidelines.

1. **Factual Background**

On July 19, 2018, Mr. Baptiste was charged in an Indictment with four counts of Distributing Information Pertaining to Explosives in violation of 18 U.S.C. § 842(p)(2)(A), and one count of Attempting to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B. On September 24, 2020, Louis Casuso[1] was discharged as counsel for Mr.

---

[1] Mr. Dray is the 4th appointed attorney by the Court; following the discharge of Mr. Louis Casuso, Esq., Mr. Omar Malone, and the AFPD.

1

Baptiste and undersigned counsel, Simon Patrick Dray, was appointed as counsel for Mr. Baptiste pursuant to the Criminal Justice Act.

Mr. Charles Swift is the Director of the Constitutional Law Center for Muslims in America (CLCMA) and is principally responsible for the delivery of criminal representation at the Center. CLCMA is a 501(c)(3) charity located in Richardson (Dallas), Texas, with a focus on national security related cases affecting civil rights and liberties in America. CLCMA has approved Mr. Swift's pro bono participation in this case as *pro hac vice* co-counsel contingent on continued representation by undersigned counsel as lead counsel in this case.[2]

### 2. The CJA Guidelines authorize Mr. Swift's pro bono participation.

The Guide to Judiciary Policy, Vol. 7, Part A § 620.10, permits Mr. Swift's pro bono participation with CJA appointed counsel because it will not require compensation through the CJA. Specifically, "[u]nless separately appointed in accordance with § 230.53.20(b) or Guide to Judiciary Policy, Vol. 7, Part A § 620.10, co-counsel or associate attorneys may not be compensated under the CJA." Guide to Judiciary Policy, Vol. 7, Part A § 230.53.10. Mr. Swift's appointment satisfies the rule because his participation is *pro bono.* Further, because Mr. Baptiste does not exercise control over CLCMA's case selection, his indigence status remains unchanged. *See United States v. Zelenka,* 112 F. Supp. 2d 708 (M.D. Tenn. 1999) (finding that where co-counsel is paid with funds not under the control of the defendant the defendant does not lose their indigent status.) For these reasons. *pro bono* participation by CLCMA is consistent with the CJA.

---

[2] Defendant, Mr. Baptiste, separately and through undersigned counsel requested CLCMA's assistance prior to approval. Mr, Dray and Mr. Swift met with the defendant at FDC-Miami, in-person, prior to the Board of The CLCMA making a final decision on the matter.

### 3. The interests of justice are served by Mr. Swift's participation.

It is also in the interests of justice to accept the appearance of Mr. Swift in this case. Mr. Baptiste's charges implicate a discreet area of federal criminal practice. The Justice Department maintains a separate national security section to manage these cases on a nationwide basis. Cases involving material support of terrorism are often designated as complex. *See e.g. United States v. Al-Arian*, 267 F. Supp. 2d 1258, 1264 (M.D. Fla. 2003), and *United States v. Suliman,* No. 1:21-cr-00006, Doc. 28, (N. Dist. Fla Mar. 23, 2021). Under these circumstances, appointment of co-counsel is ordinarily authorized. Guide to Judiciary Policy, Vol. 7, Part A 230.53.20.

Mr. Swift has participated in more than 15 national security cases involving Muslim defendants, including several contested cases. Mr. Swift's unique expertise was recognized by the Court in the *United States v. Kashmiri*, No. 09 CR 830-4, 2012 U.S. Dist. LEXIS 82715, (N.D. Ill. June 7, 2012) (representing Tahawwur Rana), where he was appointed as co-counsel. Accepting Mr. Swift's services in this case, particularly because they are pro bono, is likewise in the interests of justice.

### 4. Mr. Baptiste has a Sixth Amendment right to Mr. Swift's assistance.

Mr. Baptiste solicited CLCMA and Mr. Swift's services in addition to appointed counsel. "[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale v. United States*, 491 U.S. 617, 624-625 (1989). Accepting Mr. Swift's pro bono offer to serve as co-counsel is consistent with Mr. Baptiste's Sixth Amendment rights to counsel of his choice.

**5. Mr. Baptiste Agrees and Consent for Mr. Swift's assistance on his case as co-counsel with present CJA Counsel S. Patrick Dray, Esq.**

Undersigned counsel certifies as an officer of the court that he has met with Mr. Baptiste, in-person, and introduced Mr. Swift to him at FDC-Miami; and Mr. Baptiste agrees and consents to the assistance and representation of Mr. Swift as pro bono, co-counsel with S. Patrick Dray, Esq., CJA. Mr. Baptiste also waives a hearing on this issue.

## CONCLUSION

For the reasons above, pursuant to the CJA Guidelines, undersigned counsel respectfully requests that this Court accept the pro bono appearance of Mr. Swift in this case, as co-counsel with S. Patrick Dray, Esq.

Respectfully submitted by,

*/s/ S. Patrick Dray*
S. Patrick Dray, Esq.
Fla. Bar. 0180157

S. Patrick Dray, P.A.
Florida Bar No. 0180157
Courthouse Center
40 NW Third Street
Suite 200
Miami, Florida, 33128

Tel: (305) 379-4501
Fax: (786) 513-2244
pat@patdray.com

**CERTIFICATE OF SERVICE**

**I HEREBY** certify that on May 13th, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and thereby effectuated service on all counsel of record.

*/s/ S. Patrick Dray*
S. Patrick Dray, Esq.