THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

18-20613-CR-MARTINEZ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SAMUEL BAPTISTE,

        Defendant.

_____/

## MOTION TO DISMISS MULTIPLICITOUS COUNTS

Defendant, **SAMUEL BAPTISTE** moves this Court to dismiss Counts Two, Three, and Four of the Indictment as multiplicitous, in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and pursuant to Federal Rule of Criminal Procedure 12(b)(3).

## MEMORANDUM OF LAW

### Factual Background

Mr. Baptiste was indicted on the current charges on July 19, 2018. The Indictment alleges six counts. Counts 1 through 4 allege that Mr. Baptiste Distributed Information Pertaining to Explosives in violation of 18 U.S.C. § 842(p)(2)(A). The alleged conduct for all six counts occurred on November 6, 2016. The government claims that on November 6, 2016, an undercover agent that was one of the four members in Mr. Baptiste's Telegram group privately messaged Mr. Baptiste: "I have black powder can u give me instructions on pipe bomb making." Mr. Baptiste allegedly asked the undercover to put his request in the Telegram group instead. After the undercover made the same request in the Telegram group, Mr. Baptiste posted internet links to

three websites pertaining to explosives in the Telegram group *within 10 minutes of each other* and then posted a link to a document regarding explosives just two hours later.

## Summary of the Argument

Mr. Baptiste's single course of alleged conduct should be charged in a single count. The web links above are what the government uses to differentiate between Counts 1 through 4. There are no other factual differences between these four counts; the links were allegedly posted to the same Telegram group, in the same fashion, to the same audience, and contained the same or similar subject matter. When multiple charges are brought under the same statute from the same course of conduct, courts must look to what the allowable unit of prosecution is under the statute to determine if the counts are multiplicitous. Here, the underlying federal crime of violence in 18 U.S.C. § 842(p)(2)(A) is the basis of the unit of prosecution, and only one is alleged in Counts 1 through 4. Thus, because Mr. Baptiste's social media posts were part of a single continuous course of conduct and relate to single alleged intention to further a violation of 18 U.S.C. § 2332a(a) they should be charged in a single count.

## Good Cause Exists for Hearing this Motion Out of Time

Pre-trial Motions in this case were due on January 24, 2019. Doc. 24 at 1. Fed. R. Crim. P 12(c)(3) states that the court may consider a Rule 12(b)(3) motion filed outside of the deadline if the party shows good cause. Mr. Baptiste's trial date was continued since that Order to August 2, 2021 and is now being continued again. New counsel were assigned and retained on September 24, 2020, and June 11, 2021, respectively. Undersigned counsel has conducted an immediate review of Mr. Baptiste's file and identified important grounds for this motion that could prejudice Mr. Baptiste at trial if not addressed. Additionally, this motion does not re-litigate past filings by previous counsel but rather identifies an independent basis for relief on Counts 1 through 4. For

these reasons, and in the interests of justice, Defendant respectfully requests that this Court accept this motion.

## Argument

The Indictment charges four counts of Distributing Information Pertaining to Explosives in violation of 18 U.S.C. § 842(p)(2)(A). The Indictment is multiplicitous because it charges the alleged conduct in four separate counts, rather than as a single count, violating Mr. Baptiste's constitutional right against Double Jeopardy under the Fifth Amendment. *United States v. Jones*, 601 F.3d 1247, 1258 (11th Cir. 2010) ("An indictment is multiplicitous if it charges a single offense in more than one count.")

The multiplicitous counts also prejudice Mr. Baptiste. A multiplicitous indictment may be prejudicial for two reasons: (1) it could prejudice a jury by suggesting that the defendant committed several crimes rather than just one, and (2) a convicted defendant could be improperly sentenced multiple times for one crime. *United States v. Smith*, 231 F.3d 800, 815 (11th Cir. 2000); *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991). Regarding sentencing, courts have found that the only way to remedy the danger of multiple sentences once a defendant has been convicted on multiplicitous counts is to merge the convictions and permit only a single sentence. *Langford*, 946 F.2d at 805 n.24 (citing *United States v. Reed*, 639 F.2d 896 at 904 n.6 (2d Cir. 1981) and *United States v. Lemons*, 941 F.2d 309 (5th Cir. 1991) (reversing and vacating convictions where sentences ran consecutively on multiplicitous counts)). But such a solution does not address the danger of prejudicing the jury's impression of the extent of the defendant's alleged criminal conduct.

**A. The unit of prosecution under 18 U.S.C. § 842(p)(2)(A) is the distribution related to a specific underlying federal crime of violence and only one such crime is alleged through all four counts.**

When a defendant is charged with multiple violations of the same statute arising from the same course of conduct, the court must consider "[w]hat Congress has made the allowable unit of prosecution." *Bell v. United States*, 349 U.S. 81, 81 (1955) (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221 (1952)); *United States v. Smith*, 231 F.3d 800, 815 (11th Cir. 2000) (quoting *Langford*, 946 F.2d at 802). To do so, the Court must determine "whether Congress intended the different acts underlying each count to constitute a separate offense." *United States v. Fee*, 491 F. App'x 151, 157 (11th Cir. 2012) (citing *United States v. Smith*, 231 F.3d at 815). If the plain language of the statute is ambiguous and there is any ambiguity in determining congressional intent, that ambiguity must be resolved in favor of the defendant under the rule of lenity. *Bell*, 349 U.S. at 81.

Here, the "unit of prosecution" is not clear from the plain language of the statute, which states that it shall be unlawful for any person:

> to teach or demonstrate the making or use of an explosive, a destructive device, or a weapon of mass destruction, or to distribute by any means information pertaining to, in whole or in part, the manufacture or use of an explosive, destructive device, or weapon of mass destruction, with the intent that the teaching, demonstration, or information be used for, or in furtherance of, an activity that constitutes a Federal crime of violence;

18 U.S.C. § 842(p)(2)(A). The teaching, demonstrating, or distributing of information pertaining to such devices is not in itself illegal; it is only when that distribution is connected with an intent to further a federal crime of violence (the defendant's own, or the crime of violence of another individual) that the distribution becomes illegal.

Turning then to Congress's intended unit of prosecution, Congressional Research Services produced a report on 18 U.S.C. § 842(p)(2)(A) that detailed the First Amendment concerns surrounding the statute. *Bomb-Making Online: An Abridged Sketch of Federal Criminal Law*. Congressional Research Services Report for Congress, RL32074 (Sept. 10, 2003). The problem was that bomb-making manuals and information were, and still are[1], readily available on the internet and free speech principles outlined in *Brandenburg v. Ohio* require that any proscription of the advocacy of crime must be limited to cases where the incitement is intended to be and likely to be acted upon imminently. *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969). Thus, the provision was amended to ensure "[a]n instructor or distributor can only be prosecuted under the provisions if he either (I) intends the instruction or information to be used for or in furtherance of a federal crime of violence or (II) knows that the person to whom the instruction or information is given intends it to be used for or in furtherance of a federal crime of violence." *See* CRS Report at 3.

After considering the congressional intent, the unit of prosecution under § 842(p)(2)(A) is the distribution of information intended to further a specific federal crime of violence. Here, the links that the government claims Mr. Baptiste posted all pertained to one request for information on making a pipe bomb. All four counts allege an identical underlying federal crime of violence. Had any of the web links been posted to different people, for different purposes, or for any specific different crimes of violence, then additional counts would have been warranted. But that is not what the government alleges. Rather, Mr. Baptiste's counts all arise from a single course of conduct that should be charged together in one count.

---

[1] In fact, the pipe bomb instructional websites and document for which Mr. Baptiste posted links to are still available on the internet to anyone.

### B. Mr. Baptiste allegedly posted the web links within minutes of each other in response to one question, indicating a continuous course of conduct.

Mr. Baptiste allegedly posted the web links as one distribution of information pertaining to pipe bombs related to one underlying federal crime of violence.[2] Several cases in the Eleventh Circuit have found that the government should have charged similar continuous conduct in a single count, rather than several. In *United States v. Clay*, the defendant's possession of two separate caches of cocaine on the same date but at different locations constituted a single offense because they "were separated by only a few blocks" and were a single, simultaneous possession. 355 F.3d 1281, 1284 (11th Cir. 2004); *see also United States v. Langford*, 946 F.2d 798 (11th Cir. 1991) (holding that, where a defendant made several mailings involving fraudulent stock sales, each mailing should *not* have been indicted as a separate count). Similarly, here the government claims that Mr. Baptiste posted four web links in response to the undercover's request, on the same day, within minutes of each other, in the same Telegram group.

Likewise, an analogous internet-related crime is the sending and receiving of child pornography, where the court in *United States v. Buchanan* found that several pictures received as part of one transfer could only result in one conviction for receiving child pornography. 485 F.3d 274 (5th Cir. 2007). *See also United States v. Hurt*, 795 F.2d 765 (9th Cir. 1986) (finding that defendant's use of the mail to place an order for three pornographic films was only one offense of using the mail for delivery of obscene materials, not three separate offenses. It was irrelevant that the films were delivered to the defendant in separate packages); *see also United States v. Dixon*,

---

[2] The Indictment does not specify the underlying federal crime of violence in this case, but it is identically worded for each count. In fact, the possible insufficiency of the alleged underlying federal crime of violence that Mr. Baptiste intended to further is the subject of Mr. Baptiste's other Motion to Dismiss. Doc. ___. 18 U.S.C. 2332a includes multiple ways of violating the statute including use of a weapon of mass destruction, attempt to use, threat to use and conspiracy to use a weapon of mass destruction. The government has not identified which of these methods it is charging as the underlying federal crime of violence. Conspiracy to use a weapon of mass destruction is not a crime of violence. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018).

921 F.2d 194 (8th Cir. 1991) (finding that Defendant's possession of numerous packets of cocaine under the bed of his hotel room and in his pocket was only one offense.) Mr. Baptiste allegedly sent his links all at once, in response to one question, and like the case in *United States v. Hurt*, it is irrelevant that the links were sent separately.

In other cases charging violations of § 842(p)(2)(A), batches of information provided on the same day, at the same place were treated as one count. *See United States v. Amawi*, 695 F.3d 457, 466 (6th Cir. 2012) (where numerous videos on explosives watched on the same day were considered as one count, and weeks later, a second batch of multiple videos and information constituted a second count); *see* also *United States v. Velentzas*, No. 15-CR-213 (SJ), 2019 U.S. Dist. LEXIS 124092, at *5 (E.D.N.Y. July 16, 2019) (charging the defendant with one count in violation of § 842(p)(2)(A) where various books and articles were supplied over a period of months).

The four links charged in Counts 1 through 4 are all part of one transfer of information, all on the same subject matter. The government alleges no other facts that differentiate these counts. The jury's analysis of the alleged conduct and intent for all four counts will be exactly the same; the social media application was the same, the audience was the same (posted in the same Telegram group), and the method of posting was the same. By charging these counts separately, the government misrepresents to the jury the extent of the alleged criminal activity by making it appear that Mr. Baptiste committed several crimes, one crime after another, rather than a single event in which Mr. Baptiste allegedly posted links to websites and a document all at the same time in response to a request about a single subject. Moreover, if the jury finds Mr. Baptiste guilty, he may be improperly sentenced multiple times. This constitutes multiplicity and violates Mr. Baptiste's constitutional right against Double Jeopardy. As a result, this Court should dismiss Counts Two,

Three, and Four so that the alleged conduct can be properly prosecuted as a single count (Count One).

**WHEREFORE**, based on the foregoing, Mr. Baptiste respectfully requests that this Honorable Court enter an Order dismissing Counts Two, Three, and Four.

## CERTIFICATE OF SERVICE

**I CERTIFY** that on July 2, 2021, I electronically filed the foregoing document with service to all counsel of record using CM/ECF.

Respectfully submitted,

s/ *S. Patrick Dray*
S. PATRICK DRAY, ESQ.
Florida Bar No.: 0180157
pat@patdray.com

s/ *Alyssa M. Altonaga*
ALYSSA M. ALTONAGA, ESQ.
Florida Bar No.: 1025089
alyssa@patdray.com

*S. Patrick Dray, P.A.*
40 N.W. 3rd Street
Suite 200
Miami, Florida 33128

18501 Pines Blvd.
Suite 344
Pembroke Pines, Florida 33029

Telephone: (305) 379-4501
eFax:       (786) 513-2244

        /s/ *Charles Swift*
Charles D. Swift
Constitutional Law Center
For Muslims in America
100 N. Central Exp'y, Ste 1010
Richardson, TX 75080

(972) 914-2507
cswift@clcma.org