THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

18-20613-CR-MARTINEZ

**UNITED STATES OF AMERICA,**

        Plaintiff,

**v.**

**SAMUEL BAPTISTE,**

        Defendant.

_____

### MOTION TO DISMISS COUNTS 1, 2, 3, AND 4 OF THE INDICTMENT OR IN THE ALTERNATIVE TO ISSUE A BILL OF PARTICULARS

Defendant, **SAMUEL BAPTISTE**, moves this Court to dismiss Counts 1 through 4 of the Indictment for failure to state an offense under Federal Rules of Criminal Procedure 12(b)(3)(B)(iii) and (v) on the grounds that the indictment fails to specify a crime of violence. In the alternative, the court should require the government to produce a Bill of Particulars specifying the underlying federal crime of violence that the government alleges Mr. Baptiste intended to further.

### MEMORANDUM OF LAW

### Facts and Summary of the Argument

On July 19, 2018, Mr. Baptiste was indicted on six counts. Counts 1 through 4 allege that Mr. Baptiste distributed information relating to explosives, destructive devices and weapons of mass destruction in violation of 18 U.S.C. § 842(p)(2)(A). *See* Indictment, Doc. 1 at 1-3. These Counts arise from internet links that Mr. Baptiste allegedly posted on his group Telegram channel on November 6, 2016. The Government claims that Mr. Baptiste posted: a link to a blog post titled

1

"Instructions: How to Make a Pipe Bomb" (Count 1); a link to a Wikipedia article titled "Pipe Bomb" and a link to a PDF titled "Pipe Bomb" (Count 2); a link to a website titled "Improvised Explosive Devices" (Count 3); and a link to a PDF document titled "Black Book", the Improvised Munitions Black Book Vol. 1 (Count 4).

The indictment alleges that each of these posts were intended to further a violation of 18 U.S.C. § 2332a(a), which criminalizes the use of a weapon of mass destruction, attempt to use a weapon of mass destruction, threat to use a weapon of mass destruction, *or conspiracy* to use a weapon of mass destruction under § 2332a(a). Beyond this general allegation, none of the four counts identify how or where Mr. Baptiste allegedly distributed the information, nor do they state to whom the information was allegedly sent. And most significantly, none of the counts specify which portion of § 2332a(a) Mr. Baptiste is alleged to have intended to further with his posts.

In light of the Supreme Court's decision in *Sessions v. Dimaya*, the government's failure to specify which section of § 2332a(a) Mr. Baptiste is alleged to have intended to further requires dismissal of the charge for failure to state an offense, or at a minimum a Bill of Particulars. 138 S. Ct. 1204, 1223 (2018). In *Sessions v. Dimaya*, the Supreme Court found that 18 U.S.C. § 16(b), which partially defined a crime of violence with respect to 18 U.S.C. § 842(p)(2)(A), was unconstitutionally vague. 138 S. Ct. 1204, 1223 (2018). In light of that decision the Court should dismiss Counts 1 through 4 because the generic charge contains the possibility of conspiracy to use a weapon of mass destruction which now does not meet the requirements of 18 U.S.C. § 16(a), the only remaining valid provision.

### Good Cause Exists for Hearing This Motion Out of Time

Pre-trial Motions in this case were due on January 24, 2019. Doc. 24 at 1. Fed. R. Crim. P 12(c)(3) states that the court may consider a Rule 12(b)(3) motion filed outside of the deadline if

2

the party shows good cause. Mr. Baptiste's trial date has been continued since that Order and new counsel were assigned and retained on September 24, 2020 and June 11, 2021. Further, this motion is a result of the Supreme Court's intervening decision in *Sessions v. Dimaya* 138 S. Ct. 1204, 1223 (2018). This motion does not re-litigate past filings by previous counsel but rather identifies an independent basis for relief on Counts 1 through 4 and the resulting prejudice to Mr. Baptiste. For these reasons, and in the interests of justice, Mr. Baptiste respectfully requests that this Court accept this motion.

## **Argument**

To decide Mr. Baptiste's motion to dismiss, the Court need only answer one question:

> The Eleventh Circuit holds that conspiracy to commit a crime of violence does not itself constitute a federal crime of violence. Mr. Baptiste is charged with violating 18 U.S.C. § 842(p)(2)(A) for distributing explosives information to further a federal crime of violence, specifically, use of a weapon of mass destruction under § 2332a(a). Section 2332a(a) includes use, threats, attempts, and conspiracy to use a weapon of mass destruction. Conspiracy to use a weapon of mass destruction is not a federal crime of violence. The Indictment does not specify which §2232a(a) crime Mr. Baptiste is charged with furthering. The issue is: ***Should Counts 1 through 4 be dismissed for failure to state an offense under 18 U.S.C. 842(p)(2)(A)?***

**A. The government fails to allege a federal crime of violence under 18 U.S.C. § 842(p)(2)(A).**

The government fails to allege a federal crime of violence as required by 18 U.S.C. § 842(p)(2)(A). Section 842(p)(2)(A) states:

> It shall be unlawful for any person to teach or demonstrate the making or use of an explosive, a destructive device, or a weapon of mass destruction, or to distribute by any means information pertaining to, in whole or in part, the manufacture or use of an explosive, destructive device, or weapon of mass destruction, with the intent that the teaching, demonstration, or information be used for, or in furtherance of, an activity that constitutes a Federal crime of violence.

18 U.S.C. § 842(p)(2)(A). The term "Federal crime of violence" in § 842(p)(2)(A) is defined in 18 U.S.C. § 16. *Leocal v. Ashcroft*, 543 U.S. 1, 7 n.4 (2004) (explaining that "a number of statutes

criminalize conduct that has as an element the commission of a crime of violence under § 16"). Section 16 defines a federal crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. In *Sessions v. Dimaya*, the Supreme Court held that § 16(b) was unconstitutionally vague because it had both an ordinary-case requirement and a vague risk threshold which "necessarily devolved into guesswork and intuition, invited arbitrary enforcement, and failed to provide fair notice." 138 S. Ct. 1204, 1223 (2018) (citing *Johnson v. United States*, 576 U.S. 591 (2015)) (cleaned up). Due to *Dimaya* and its progeny, prosecutions for federal crimes of violence may now only be brought under § 16(a). *In re Amawi*, 780 F. App'x 301, 302 (6th Cir. 2019) (stating that the Supreme Court in *Dimaya* confirmed that the residual clause's definition is unconstitutional, but that § 16(a) remains untouched).

Here, Counts 1 through 4 of the indictment must allege that Mr. Baptiste distributed information pertaining to the manufacture of explosives with the intent that they be used for, or in furtherance of a federal crime of violence, that is, "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). In this case, the government alleges that the underlying crime of violence is "Use of A Weapon of Mass Destruction" under 18 U.S.C. § 2332a(a).

To determine whether a charge qualifies as a "crime of violence" under § 16(a), courts employ a categorical approach and ask whether the elements of the offense sufficiently match the elements of the commonly understood version of the crime. *Mathis v. United States*, 136 S. Ct.

2243, 2248 (2016). Because the residual clause is unconstitutional; in this case Counts 1 through 4 must therefore have, ***as an element*** of the alleged federal crime of violence, a violent act.

Under the categorical approach, courts consider "the statutory definition of the . . . offense rather than the underlying facts of the conviction," and ask whether the "predicate conviction . . . involves violent physical force." *Perez v. United States*, 885 F.3d 984, 987 (6th Cir. 2018) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990). Courts ***do not*** analyze the defendant's conduct to determine whether it was violent. Instead, they "engage in a hypothetical exercise to determine whether the crime['s] elements could be committed in a nonviolent fashion." *United States v. Eason*, 953 F.3d 1184, 1189 (11th Cir. 2020). Courts are therefore concerned with finding "the least forceful conduct generally criminalized under the statute." *Id*. (citing *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013)).

Where, however, a statute sets out "one or more elements of the offense in the alternative," the statute defines multiple crimes and is considered divisible. *See Descamps v. United States*, 570 U.S. 254, 257 (2013). With a divisible statute, courts employ a modified categorical approach, which requires a multi-step inquiry. *See id.* First, the court must consider the statute as a whole to determine whether it includes crimes that do not necessarily involve the use of force. If it does, then the court must determine whether the statute is divisible and whether any crime defined by the statute may qualify as a predicate offense. If the answer is yes, then courts "look to a limited class of documents (i.e. the indictment and jury instructions) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). Finally, the court then determines whether that crime necessarily involved the use, attempted use, or threatened use of force.

Because the underlying offense in § 842(p)(2)(A) is a federal crime of violence that the government charged here as Use of Weapon of Mass Destruction, the court must analyze §2332a(a). Section 2332a(a) is a divisible statute, and importantly includes a crime that is not a crime of violence: conspiracy. But because the Indictment contains almost no details about the alleged criminal conduct and does not specify which of the four crimes is the alleged crime of violence, the court cannot undertake the second step of the modified categorical approach, that is look at the documents before it to determine with what crimes Mr. Baptiste is charged. *Id. at* 2257 (citing *Shepard v. United States*, 544 U.S. 13, 21).

### B. Section 2332a has four possible courses of conduct, none of which is specified in the Indictment.

Under *Sessions v. Dimaya*, Counts 1 through 4 should be dismissed because they lack the required specificity to state an offense. 138 S. Ct. at 1223. Counts 1 through 4 generically refer to § 2332a(a) and do not identify the particular course of conduct charged. Section 2332a can charge four possible courses of conduct: (1) use of a weapon of mass destruction; (2) threatened use of a weapon of mass destruction; (3) attempt to use a weapon of mass destruction; or (4) a conspiracy to use a weapon of mass destruction. 18 U.S.C. § 2332a(a).

Prior to *Dimaya*, all of the potential courses of criminal conduct contained in § 2332a constituted crimes of violence under § 16(b), the residual clause. Uses, threats to use, or attempts to use weapons of mass destruction were covered by § 16(a) as each required the proof of an element that satisfied proof of the elements test. Conspiracy to use a weapon of mass destruction however, does not require proof of a violent act. But under the § 16(b), one could argue that there is a "substantial risk" of violence even in a conspiracy. *James v. United States*, 550 U.S. 192, 203 (2007). Post-*Dimaya*, however, the government must show how the charged offense requires proof of an ***element*** involving physical force. The first three courses of conduct of § 2332a(a) (use,

6

threatened use, and attempted use) meet the statutory element test requirement of § 16(a) as all include a violent act as an element of the offense. However, the fourth course of conduct, conspiracy, does not satisfy the elements test because a mere conspiracy to use a weapon of mass destruction does not necessarily require the proof of a violent act. *See Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (holding that conspiracy to commit Hobbs Act robbery was not a crime of violence). Accordingly, the government must specify which of the four courses of conduct it alleges to ensure that it states an offense under § 842(p)(2)(A).

   **C. Counts 1 through 4 fail to state an offense because they do not identify any federal crime of violence that Mr. Baptiste allegedly intended to further.**

The indictment does not specify whether Mr. Baptiste is charged with distributing information pertaining to the manufacture of explosives with the intent to further either the use, threat to use, attempted use, or conspiracy to use a weapon of mass destruction. Section 842(p)(2)(A) requires an underlying federal crime of violence. Because the indictment does not specify which course of conduct is alleged, this court must assess Counts 1 through 4 using the least forceful conduct that can be charged under § 2332a(a), which is a conspiracy to use a weapon of mass destruction.

Since *Dimaya*, courts have held that conspiracy to commit violent crimes does not satisfy the elements test of § 16(a). *See Quinteros v. Att'y Gen. of the U.S.*, 945 F.3d 772, 783 (3d Cir. 2019) (holding that conspiracy to commit a violent crime in aid of racketeering activity did not satisfy the elements test of § 16(a) because an individual could be convicted without the use, attempted use, or threatened use of physical force); *Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997) (stating that an offense such as conspiracy does not have the use of physical force as an element); *United States v. Cruz*, 805 F.2d 1464, 1474 n.11 (11th Cir. 1986) (explaining that because violence was not an element of a conspiracy to commit armed robbery, it could not fall

7

under § 16(a), only § 16(b)).[1] In *Brown v. United States,* the Eleventh Circuit noted that in applying the categorical approach to the elements of conspiracy to commit Hobbs Act robbery, neither an agreement to commit a crime nor a defendant's knowledge of the conspiratorial goal necessarily involved the existence of a threat or attempt to use force. 942 F.3d at 1075. Further, the Eleventh Circuit recently noted in *In re Lopez* that although it has not addressed in a published opinion whether "any other conspiracy offense [outside of Hobbs Act robbery] categorically satisfies the elements clauses in § 924(c)(3)(A), the ACCA, or 18 U.S.C. § 16(a)," it followed *Brown* to hold that conspiracy to commit murder-for-hire did not itself qualify as a crime of violence under § 924(c) for using a firearm in furtherance of a crime of violence. No. 20-11957-F, 2020 U.S. App. LEXIS 19401, at *8-9 (11th Cir. June 22, 2020) ("But our reasoning in *Brown* suggests that conspiracy offenses do not categorically qualify as crimes of violence under § 924(c)(3)(A), even if the substantive offense does."). Applying the logic in *Brown*, *Quinteros*, and *Lopez*, it is apparent that conspiracy to use a weapon of mass destruction cannot serve as the federal crime of violence underlying a § 842(p)(2)(A) offense like those in Counts 1 through 4.

Here, the indictment does not specify what conduct is alleged as the underlying federal crime of violence. No use of a weapon of mass destruction is alleged, no threat to use a weapon of mass destruction is alleged, no attempt to use a weapon of mass destruction is alleged. In fact, Mr. Baptiste is charged with posting website links with pipe-bomb making instructions to a small group

---

[1] Only one court has found conspiracy to use a weapon of mass destruction to fall within the definition of 842(p)(2)(A) and 16(a), *United States v. Velentzas*, No. 15-CR-213, 2019 U.S. Dist. LEXIS 124092, at *23 (E.D.N.Y. July 16, 2019). But there, the court did not reference the recent intervening decision in *Dimaya* and did not specify which paragraph of § 16 it applied. Further, the *Velentzas* court cited the decision in *United States v. Khalil*, as its sole authority. 214 F.3d 111, 120 (2d Cir. 2000). The reasoning in *Khalil* predates *Dimaya* by eighteen years and does not consider the elements of the offense, discussing only that the underlying offense was not a lesser included offense of the violation for the purposes of sentencing. That is not the issue here, and that reasoning has no application to Mr. Baptiste's counts.

8

on Telegram that consisted of people he did not actually know. If anything, the only course of conduct that could be alleged is that his distribution was to further a conspiracy by others to use a weapon of mass destruction. There is no evidence or allegation that Mr. Baptiste was aware of any intended use of any weapon of mass destruction, only that a member of the Telegram group was interested in learning about pipe bombs online. Furthering a conspiracy to make a pipe bomb is not a furtherance of a federal crime of violence. For these reasons, this Court should dismiss Counts 1 through 4, or in the alternative should order the government to issue a Bill of Particulars that specifies whether the federal of crime of violence alleged as part of each count is a use, attempted use, a threat to use, or a conspiracy to use a weapon of mass destruction along with facts that support any underlying federal crime of violence.

## **CONCLUSION**

Because the government has not specified the underlying federal crime of violence and a conspiracy to use a weapon of mass destruction would not satisfy the elements test under § 16(a), this Court should dismiss Counts 1 through 4 for failure to state an offense. In the alternative, this Court should order the government to issue a Bill of Particulars that specifies what the underlying federal of crime of violence alleged in each count is, along with facts that support any underlying federal crime of violence.

**WHEREFORE**, based on the foregoing, Mr. Baptiste respectfully requests that this Court dismiss Counts 1 through 4 or, in the alternative, order the government to present a Bill of Particulars specifying the underlying federal crime of violence.

**CERTIFICATE OF SERVICE**

**I CERTIFY** that on July 2, 2021, I electronically filed the foregoing document with service to all counsel of record using CM/ECF.

Respectfully submitted,

s/ *S. Patrick Dray*
S. PATRICK DRAY, ESQ.
Florida Bar No.: 0180157
pat@patdray.com

s/ *Alyssa M. Altonaga*
ALYSSA M. ALTONAGA, ESQ.
Florida Bar No.: 1025089
alyssa@patdray.com

*S. Patrick Dray, P.A.*
40 N.W. 3rd Street
Suite 200
Miami, Florida 33128

18501 Pines Blvd.
Suite 344
Pembroke Pines, Florida 33029

Telephone: (305) 379-4501
eFax:         (786) 513-2244


 */s/ Charles Swift*
Charles D. Swift
Constitutional Law Center
For Muslims in America
100 N. Central Exp'y, Ste 1010
Richardson, TX 75080
(972) 914-2507
cswift@clcma.org
