# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-20613-CR-MARTINEZ

UNITED STATES OF AMERICA,

vs.

SAMUEL BAPTISTE,
                        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Defendant **SAMUEL BAPTISTE** (hereinafter "the defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to Count 6 of the Indictment, which charges the defendant with Attempting to Provide Material Support to Terrorists, in violation Title 18, United States Code, Section 2339A(a).

2.      The United States agrees to seek dismissal of counts one (1) through five (5) of the indictment, after sentencing.

3.      The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered.  The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing

Court Exhibit #2

Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

4. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal

offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

5.      The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

a.   **Base Offense Level**:  Pursuant to Section 2M5.3(a), the base offense level is a level 26.

b.   **Offense Characteristic**:  Because the offense involved the provision of material support or resources with the intent, knowledge, or reason to believe they are to be used to commit or assist in the commission of a violent act, there is a 2 level increase pursuant to 2M5.3(b)(1)(E).

c.   **Terrorism Enhancement**: Because the offense is a felony that involved, or was intended to promote, a federal crime of terrorism; there is a 12 level increase in the base offense level and the defendant's criminal history is increased to a category VI, pursuant to Section 3A1.4(a).

d.   **Recommended Sentence**: The United States and the defendant jointly agree that the appropriate disposition of this case is, and agree to jointly recommend, that the court impose a statutory maximum sentence of 15 years imprisonment, followed by a lifetime term of supervised release pursuant to 18 U.S.C. § 3583(j). The defendant is aware that the government will argue to the Court at sentencing that this sentence should be served *consecutively* to any other sentence currently being served by the defendant, pursuant to 18 U.S.C. § 3584.

6.      The defendant further understands and acknowledges that, in addition to

any sentence imposed in this case, a special assessment in the amount of one hundred dollars ($100) will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7.     The defendant also understands and acknowledges that as to Count 6 of the indictment, the court can impose a term of imprisonment of up to 15 years, followed by a lifetime term of supervised release and a fine of up to $250,000.

8.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status.   However, the Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal from the United States.

9.     The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

10.     The defendant is aware that the sentence has not yet been determined by the court.  The defendant also is aware that any estimate of the probable sentencing range

or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

11.    The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal

the sentence to be imposed in this case was knowing and voluntary.

12.     The defendant further agrees that he shall immediately dismiss, with prejudice, his pending civil action against the United States, captioned Al-Imarah v. Waltron et al., under Southern District of Florida case number 20-cv-23614-DPG.

13.     The United States Attorney's Office for the Southern District of Florida further agrees not to prosecute the Defendant, SAMUEL BAPTISTE, for any other federal criminal conduct related to evidence seized or uncovered during the FBI investigation of SAMUEL BAPTISTE between April of 2014 and November 9, 2016.

14.     This is the entire agreement and understanding between the United States and the defendant.    There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: _10/21/21_          By: _____
                              MARC S. ANTON
                              ASSISTANT UNITED STATES ATTORNEY

Date: _10/21/21_          By: _____
                              MICHAEL THAKUR
                              ASSISTANT UNITED STATES ATTORNEY

Date: _21 Oct 21_             _____
                              SIMON PATRICK DRAY, ESQ.
                              ATTORNEY FOR DEFENDANT

Date: _21 Oct 21_             _____
                              CHARLES D. SWIFT, ESQ.
                              ATTORNEY FOR DEFENDANT

Date: _21 Oct 2021_           _____
                              SAMUEL BAPTISTE
                              DEFENDANT