UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20613-CR-MARTINEZ

UNITED STATES OF AMERICA

v.

SAMUEL BAPTISTE,
                Defendant.
_____/

## RESPONSE TO DEFENDANT'S SENTENCING MEMO

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and hereby files its response to the Defendant's Sentencing Memo (DE 244), and in response states as follows:

Title 18, United States Code, Section 3584(a) states in pertinent part, "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively… Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

Currently, the Defendant is serving an 80 month sentence stemming from a 2017 conviction for being a Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1), and per the Bureau of Prisons, is not scheduled for release on that case until November 28, 2022. In the instant case, as per the undisputed PSI, based upon a total offense level of 38 and a criminal history category of VI, the guideline imprisonment range is 360 months to life. However, the statutorily authorized maximum sentence of 15 years is less than the minimum applicable guideline range. Therefore, the guideline term of imprisonment is 180

months, pursuant to §5G1.1(a).  Nevertheless, the Defendant is seeking a concurrent sentence with the Defendant's undischarged term of imprisonment.  For the below reasons, the Government objects to the Defendant's request, and prays that this Honorable Court imposes a consecutive sentence.

Title 18, United States Code, Section 3584(b) states that "the court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."  As such, the 3553(a) factors clearly favor a consecutive sentence.  First and foremost, the Defendant has an extensive criminal history.  Even without the terrorism enhancement, the Defendant was already a criminal history category VI, with a total of 14 criminal history points, stemming from serious violent felonies including Attempted Murder, Armed Robbery, Strong Armed Robbery, and numerous firearms offenses. Moreover, the Defendant has violated Probation and Community Control on numerous occasions, has previously been sentenced as a Habitual Offender, and even while in custody has amassed a lengthy disciplinary history including multiple violations for assault, possessing a weapon, and disobeying orders that have resulted in either the reduction of good time, time in segregation, or a loss of privileges.

Moreover, the instant offense of conviction is extremely serious and deserving of a consecutive sentence.  As the Court is aware, the Defendant operated numerous social media accounts that praised United States designated terrorists Usama bin Laden and Anwar Al-Awlaki. The government's investigation revealed that in April of 2014, agents with the Federal Bureau of Investigation (FBI) initiated an investigation into the online activities of Baptiste and determined that Baptiste used his social media accounts to disseminate extremist propaganda, to praise attacks conducted or inspired by Al Qaeda, and to promote travel to Syria for "jihad" (which is a struggle

or fight against the enemies of Islam). Baptiste managed a Tumblr account called "@Khalifihaiti," which was subtitled "Insha'Allah I'll be the Rifle of Allah," and a Telegram channel named "Dhikrul-Jihad wal-qasas" which was devoted to news and propaganda related to ISIS. Baptiste's central Telegram channel was "Jihadi gear (Private)," a group chatroom run by Baptiste and membered by likeminded individuals. The "Jihadi gear (Private)" chatroom was created and moderated by Baptiste, in part, to foster jihadist sentiment, encourage violent attacks, and promote support for ISIS. While Baptiste's Telegram channels were devoted to jihadist themes in general, as well as religion and politics, "Jihadi gear (Private)" had a specific emphasis on ISIS. Baptiste's "Jihadi gear (Private)" posts included the following: Numerous pictures of ISIS iconography, including ISIS flags; excerpts of ISIS speeches extolling jihad and encouraging hijrah (traveling to ISIS-controlled territory); excerpts of an ISIS speech encouraging attacks in the West; multiple links concerning ISIS' proficiency in making Improvised Explosive Devices and other do-it-yourself-type weapons; encouraging comments regarding pledging allegiance to ISIS, including calling Abu Bakr al-Baghdadi "Amir al-Mu'minin," an honorific meaning commander of the faithful; a link to a PDF of The Religious and Moral Doctrine of Jihad, a book written by Ibn Taymiyyah, the thirteenth/fourteenth century Syrian religious authority whose works have formed the bedrock of modern jihadist thought over the last several decades, including that of ISIS; and an excerpt of the now-deceased al-Qaeda leader Anwar al-Awlaki's "44 Ways to Support Jihad." On November 6, 2016, Baptiste made four distinct posts to "Jihadi gear (Private)," each containing instructions on how to create an explosive device. The posts contained a link to the following documents: "Instructions: How to Make a Homemade Pipe Bomb;" "Pipe Bombs;" "Improvised Explosive Devices;" and "Improvised Munitions Black Book, Volume 1." Baptiste posted the explosive instructions with the prefatory: "from your brothers at Cyber Khalifa."

As a result of the severity of this offense, based upon a total offense level of 38 and a criminal history category of VI, the guideline imprisonment range is 360 months to life. However, the statutorily authorized maximum sentence of 15 years is less than the minimum applicable guideline range. Therefore, the guideline term of imprisonment is 180 months, pursuant to §5G1.1(a). Consequently, this Honorable Court should run the instant offense conduct consecutive to the Defendant's undischarged term of imprisonment, effectively adding approximately an additional year of confinement on top of the fifteen year statutory maximum to more closely align with the Defendant's true guidelines range.

Finally, the instant conduct is in no way related to the previous conviction for which the Defendant seeks concurrent time. In his prior case, the Defendant was accused and convicted of Possession of a Firearm by a Convicted Felon in violation of Title 18, United States Code, Section 922(g), as a result of his actions in conspiring to illegally export firearms to Haiti and thereafter firing weapons at a local shooting range. While the FBI initially became aware that Baptiste was a potential threat because of these online activities, the undischarged term of imprisonment is punishing Baptiste for conduct that is unrelated to the current count of conviction, and consequently, because this sentence is being handed down at a separate time than his previous case over 4 years ago, and covers different criminal conduct, his sentence should run consecutively pursuant to Title 18, United States Code, Section 3584(a).

## CONCLUSION

WHEREFORE, the Government requests that the Defendant's sentence in the instant case be run consecutive to his current undischarged term of imprisonment pursuant to Title 18, United States Code, Section 3584(a).

    Respectfully submitted,

    **JUAN ANTONIO GONZALEZ**
    UNITED STATES ATTORNEY

By: /s/ Marc S. Anton
     MARC S. ANTON
     Assistant U.S. Attorney
     Florida Bar No. 0148369
     500 East Broward Blvd., Suite 700
     Ft. Lauderdale, Florida 33394
     Tel: (954) 660-5096
     Fax: (954) 356-7230
     Marc.anton@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

    /s/ Marc S. Anton
    Assistant U.S. Attorney